UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTOINE MARQUIS RAY and people's )
interest, )
 )
        Plaintiff, )
 )    1:12-cv-216
v. )    *Mattice / Lee*
 )
REVEREND RON JOSEPH SIMMONS, *et al.*, )
 )
        Defendants. )

## REPORT AND RECOMMENDATION

Before the Court is the motion of Antoine Ray ("Ray") to proceed *in forma pauperis* [Doc. 1]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Ray has submitted a complaint [Doc. 2] alleging that the Central Intelligence Agency ("CIA"), under the guide of Mafia, gangs, or other organizations, coerced people to conspire against him while demanding his help to stop the Afghan war. Ray states the tactics were very unusual and cruel and it's just "plain torcher"; in addition, the tactics prolonged the war. Ray seeks for the mind control to be turned off, stiffer penalties for mind control and sexual child abuse, and a monetary award for income lost and pain and suffering.[1]

---

[1] After his Application and complaint were filed, Ray filed several motions for discovery seeking, among other things, broadcasts of various television shows, other ways the manipulation can be scientifically measured, movie titles showing a conspiracy, and physical evidence of scientific measurement and reception for radio, light, and sound waves [Docs. 3-9].

The applicable statute, 28 U.S.C. § 1915, allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), however, a district court may dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 324. A claim may be dismissed as frivolous if it is based on a meritless legal theory or if its factual contentions are clearly baseless. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (explaining that a judge reviewing a pauper's complaint has "the unusual power to pierce the veil of the complaint's factual allegations" and to disregard "fantastic or delusional" assertions). Ray has filed several other cases in this Court which were dismissed because of frivolity and his failure to state a claim [Civil Case No. 1:11-cv-56, Doc. 4; Civil Case No. 1:11-cv-354, Doc. 7]. I **CONCLUDE** that Ray has again failed to state a colorable, justiciable claim, and I therefore do not reach the merits of his pauper's application.

Ray's complaint fails to state a claim on which relief can be granted. The Court finds, in light of "judicial experience and common sense," that Ray has not alleged a "plausible" factual basis for relief. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Instead, Ray's allegations smack of the "fantastic." *See Hill*, 630 F.3d at 471.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).[2]

        s/ *Susan K. Lee*
        SUSAN K. LEE
        UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).