UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| ANTOINE MARQUIS RAY, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:12-cv-216 |
| v. | ) | |
| | ) | Judge Mattice |
| REV. RON JOSEPH SIMMONS, *et al.*, | ) | |
| *Defendants*. | ) | |

| ANTOINE MARQUIS RAY, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:12-cv-217 |
| v. | ) | |
| | ) | Judge Mattice |
| TERRANCE BRAGG, *et al.*, | ) | |
| *Defendants*. | ) | |

## **ORDER**

*The Magistrate Judge's Report and Recommendation*

On June 19, 2012, United States Magistrate Judge Susan Lee entered her Report and Recommendation (Doc. 14; *Bragg*, Doc. 7) in these related cases, recommending that Plaintiff's applications to proceed *in forma pauperis* (Doc. 1; *Bragg*, Doc. 1) be denied. Plaintiff has objected to each Report and Recommendation. (Doc. 21; *Bragg*, Doc. 13).[1]

---

[1] Citations to the record are made generally to *Antoine Marquis Ray v. Rev. Ron Joseph Simmons, et al.*, 1:12-cv-216. When citing the record in *Antoine Marquis Ray v. Terrance Bragg, et al.*, 1:12-cv-217, the Court will so indicate within the citation.

The Court has reviewed the records in these cases *de novo*, and it finds Plaintiff's objections wholly lacking in merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's well-reasoned Report and Recommendations (Doc. 14; *Bragg*, Doc. 7). Plaintiff's applications to proceed *in forma pauperis* (Doc. 1; *Bragg*, Doc. 1) will be **DENIED**.

*Plaintiff's Behavior and Physical Restrictions on Entry*

The Court observes that Plaintiff's behavior in relation to these proceedings has raised significant public safety concerns, particularly for staff of the Clerk of Court. Recently, staff members and a Deputy United States Marshal provided the Court with affidavits describing Plaintiff's behavior in the Clerk's Office.[2] More than once, Plaintiff has behaved aggressively toward deputy clerks. At times, he has loudly demanded assistance, and he has asserted his belief that the Court's computer system has been "infiltrated" as part of a conspiracy involving his cases. Plaintiff's interaction with Court staff is abusive, bordering on violent.

For example, during one such encounter in August 2012, Plaintiff began to argue loudly with deputy clerks. The United States Marshals Service was informed, and when a Deputy Marshal arrived and advised Plaintiff that he needed to leave the Clerk's Office, Plaintiff refused, got louder, and became agitated. Plaintiff resisted the Deputy Marshal's initial efforts and ultimately, the Deputy Marshal was forced to physically escort him from the building.

Additionally, the Court takes notice of the troubling content of Plaintiff's filings in the above-captioned actions. Most of Plaintiff's filings are extraordinarily diffuse and nubilous. However, his most recent submission – nominally a complaint against

---

[2] Copies of these affidavits are attached to this Order.

2

Magistrate Judge Lee – displays certain disturbing characteristics. Several specific statements are alarming, including: Plaintiff's recitation of the physical harm he has visited upon others (which includes, but is by no means limited to, his statements concerning prior sexual abuse of prepubescent minors); his apparent desire to "talk to" the Taliban and Al Qaeda; and what appears to be a fundamental mistrust of government institutions (*See, e.g.*, Doc. 33 at 26, 29-30, 36, 38, 44-45; *Bragg*, Doc. 24). While it is not clear whether Plaintiff's statements reflect reality or are merely a continuation of self-evident fantasy described elsewhere (e.g., his assistance in ending the war in Afghanistan, his sexual trysts with celebrities, etc.), they certainly serve to exacerbate the concerns already raised by his behavior.

In short, the Court finds that, at least in his current mental state, Plaintiff poses a danger to Court employees. The Court's conclusion is based on Plaintiff's behavior, affidavits from Court staff and a Deputy United States Marshal, and Plaintiff's own statements in Court filings.

Given the public-safety risk presented by Plaintiff's presence in this courthouse, the Court will **ORDER** that Plaintiff Antoine Marquis Ray **be denied physical entry past the Court Security Officer checkpoint at the United States Courthouse in the Joel W. Solomon Federal Building**. The Court will further **ORDER** that Mr. Ray **SHALL** be granted entry only upon specific authorization by a United States District Judge or Magistrate Judge of this Court.

Nevertheless, Mr. Ray may still submit legal pleadings and other filings in this forum. In order to do so, however, he must deliver the submissions to the Deputy United States Marshal on duty at the entry checkpoint. Upon delivery, the Deputy Marshals will be **ORDERED** to deliver Mr. Ray's submission to the Clerk's Office as

soon as practicable. If appropriate, the Clerk of Court may tender any correspondence for Mr. Ray to the United States Marshals Service, and Mr. Ray may retrieve it at the entry checkpoint.

*Other Prefiling Restrictions*

As noted, at the present time, the Court places no *legal* restrictions on Mr. Ray's ability to submit filings to this Court. Nevertheless, the Court notes that many of Plaintiff's submissions appear frivolous. His frequent filings are often impossible to decipher, and they have sapped the Court of already-scarce judicial resources. Consequently, Plaintiff will be put **ON NOTICE** that, should he elect to file more frivolous or vexatious submissions, he may be subject to sanctions or restrictions on his ability to file suits in this forum. *See, e.g., Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002) ("While we will not absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, . . . we may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation."); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *Wrenn v. Vanderbilt Univ. Hosp.*, 50 F.3d 11 (table), 1995 WL 111480 at *3 (6th Cir. 1995) (holding that, pursuant to a court's inherent authority and the All Writs Act, 28 U.S.C. § 1651(a), a court may enjoin harassing litigants from filing without first obtaining leave).

4

Case 1:12-cv-00216   Document 35   Filed 11/30/12   Page 4 of 6   PageID #: 221

*Conclusion*

Accordingly, and for the reasons stated:

- The Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's well-reasoned Report and Recommendations (Doc. 14; *Bragg*, Doc. 7). Plaintiff's applications to proceed *in forma pauperis* (Doc. 1; *Bragg*, Doc. 1) are **DENIED**;

- It is hereby **ORDERED** that Plaintiff Antoine Marquis Ray **shall be denied physical entry past the Court Security Officer checkpoint at the United States Courthouse in the Joel W. Solomon Federal Building**.

- It is further **ORDERED** that Plaintiff Antoine Marquis Ray **SHALL** be granted entry to the United States Courthouse in the Joel W. Solomon Federal Building only upon specific authorization by a United States District Judge or Magistrate Judge of this Court;

- Plaintiff may file legal documents with this Court by tendering them to the Deputy United States Marshal on duty at the entry checkpoint. The Deputy United States Marshals are **ORDERED** to deliver Mr. Ray's submissions to the Clerk's Office as soon as practicable.

- If appropriate, the Clerk of Court may tender any correspondence for Mr. Ray to the United States Marshals Service. The Deputy United States Marshals are **ORDERED** to make such correspondence available at the entry checkpoint as soon as practicable for Mr. Ray's retrieval;

- Plaintiff is **ON NOTICE** that the continued submission of vexatious or frivolous filings may result in the imposition of prefiling restrictions; and

- Commensurate with the Magistrate Judge's recommendation, the Clerk of Court is **DIRECTED** to close the above-captioned related cases.

**SO ORDERED** this 30th day of November, 2012.

             _/s/ Harry S. Mattice, Jr._
             HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE